UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEO F. SCHWEITZER, III,

    PLAINTIFF,

v.

UNITED STATES ET. AL.,

    DEFENDANTS.

CIVIL ACTION

No. 05-5242

MEMORANDUM/ORDER

July 23, 2007

    Leo F. Schweitzer, III initiated this action on September 7, 2005, by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2241 and/or a writ of error *coram nobis* pursuant to 28 U.S.C. 1651(a).  Schweitzer had filed an earlier habeas petition with this court in February 2004. *Schweitzer v. Mobley*, Civil No. 04-825.  In July 2004, this court, noting that Schweitzer had been released on parole, dismissed that habeas petition as moot. Docket # 13, Civil No. 04-825.

    On October 7, 2005, his parole having been revoked, Schweitzer filed, in the Middle District of Pennsylvania, a petition for habeas corpus pursuant to 28 U.S.C. § 2241 and/or a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651(a). *Schweitzer v. United States*, M.D.Pa. Civil No. 05-2042.  The Middle District petition was verbatim the

same as the petition filed a month earlier in this court. *Compare* Docket # 1, M.D.Pa. Civil No. 05-2042 *with* Docket # 1, E.D.Pa. Civil No. 05-5242.  On April 27, 2006, Judge Kosik of the Middle District issued a memorandum and order denying Schweitzer's petition on the merits.  Specifically, Judge Kosik determined that Schweitzer had failed to demonstrate that 18 U.S.C. § 2255 was "inadequate or ineffective to test the legality of his detention," and "failed to exhaust his administrative remedies with regard to his challenges to sentence computation by the BOP." Docket # 33, M.D.Pa. Civil No. 05-2042.  On January 31, 2007, the Court of Appeals, citing 28 U.S.C. § 1915(e)(2)(B), dismissed Schweitzer's appeal from Judge Kosik's decision.[1]  In its opinion, the Court of Appeals noted that: "a writ of error *coram nobis* may not be used by a petitioner in custody to circumvent AEDPA's limitations on second or successive § 2255 petitions," and that Schweitzer had not received the Court of Appeals's permission to file a second or successive § 2255 petition. *Schweitzer v. United States*, 215 Fed. Appx. 120, 2007 WL 295315 (3d Cir. 2007).  Following the guidance of the Court of Appeals, this court will dismiss Schweitzer's identical habeas petition, filed on September 7, 2005 in this court.

---

[1] Section 1915 governs proceedings *in forma pauperis*.  Subsection (e)(2) states that:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . .
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted . . .

AND NOW, it is hereby ORDERED that:

    1. Leo F. Schweitzer's petition for a writ of habeas corpus is DISMISSED.

    2. A Certificate of Appealability is NOT GRANTED.

BY THE COURT:

/s/ Louis H. Pollak

Pollak, J.